IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:99CR70105 |
| v. | ) |
| | ) |
| ANTHONY CHARLES BROWN, | ) **MEMORANDUM OPINION** |
| | ) |
| Defendant. | ) |
| | ) By: Jackson L. Kiser |
| | )     Senior United States District Judge |

Before me is Defendant's *Motion to Dismiss Superseding Indictment*. I heard oral argument on this motion on October 3, 2008, and it has been briefed by the parties and is now ripe for decision. For the reasons given below, I will **DENY** the *Motion to Dismiss the Superseding Indictment*.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Anthony Charles Brown ("Brown") was arrested at the Amtrak Train Station in Danville, Virginia for possessing 1.3 kilograms of a cocaine based substance on July 27, 1999. The Defendant was charged by Virginia state authorities and was released on $50,000 bond. A preliminary hearing date was set for September 14, 1999, at which time the defendant failed to appear for his court date. (United States Opp'n to Mot. to Dismiss Superseding Indictment 1.) A state warrant was subsequently issued for Brown's arrest. On November 18, 1999, Brown was indicted in a one count federal indictment charging him with possessing with intent to distribute "more than five (5) grams of cocaine base," in violation of 21 U.S.C. § 841(a)(1) ("Count One"). (Mot. to Dismiss Superseding Indictment 1.) An arrest warrant on this federal charge was issued on November 19, 1999 and the Defendant's name was entered into NCIC. From 2001 to

1

2008, United States Marshals actively searched for the Defendant. On March 5, 2008, the Defendant was arrested in New York and transferred to the Western District of Virginia. (United States Opp'n to Mot. to Dismiss Superseding Indictment 1-2.) On May 22, 2008, the indictment was superseded, in accordance with the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (United States Opp'n to Mot. to Dismiss Superseding Indictment 2.) The superseding indictment changed the language in Count One from "more than five (5) grams" to "containing fifty (50) grams or more" of a detectable amount of cocaine base and added an express reference to 21 U.S.C. § 841(a)(1) and (b)(1)(A). (*See* Mot. to Dismiss Superseding Indictment 1.)

The Defendant filed this Motion to Dismiss the Superseding Indictment on the grounds that it violates the statute of limitations. The Defendant argues the superseding indictment broadened the charges and penalties contained in the original indictment and therefore does not relate back to the original indictment. (Mot. to Dismiss Superseding Indictment 2.) The Defendant also asserts that he was not "fleeing from justice" within the meaning of 18 U.S.C. § 3290 and thus, the statute of limitations was not tolled. (Def.'s Reply Br. in Supp. of Mot. to Dismiss 2.)

**II.    STANDARD OF REVIEW**

The statute of limitations applicable in non-capital criminal cases is five-years from the date of the alleged offense. 18 U.S.C. § 3282. The purpose of the statute of limitations bar is to protect defendants from "having to defend themselves against charges when the basic facts may have become obscured by the passage of time" and encourage "law enforcement officials promptly to investigate suspected criminal activity." *Toussie v. United States*, 397 U.S. 112, 114-15 (1970); *United States v. Lowry*, 409 F. Supp. 2d 732, 739 (W.D. Va. 2006). As long as a

superseding indictment does not broaden or substantially amend the original indictment, the superseding indictment relates back to the filing of the original indictment, even if the superseding indictment is filed outside of the statute of limitations period. *United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976). Thus, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding indictment after the limitations period has expired. *United States v. Ratcliff*, 245 F.3d 1246, 1252-53 (11th Cir. 2001). An indictment is broadened when the government, the court, or both, "broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Duran*, 407 F.3d 828, 842 (7th Cir. 2005). In determining whether a superseding indictment broadens the charges in the original indictment, the touchstone is whether the original indictment provided notice of the charges such that the defendant can adequately prepare his or her defense. *See Grady*, 544 F.2d at 601.

## III. DISCUSSION

The five-year statute of limitations set forth in 18 U.S.C. §3282(a) governs in this case. A superseding indictment relates back to the date of the original indictment, preventing application of the statute of limitations, "if and only if it does not broaden the charges made in the first indictment." *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976); *see United States v. Lowry*, 409 F. Supp. 2d 732, 738 (W.D. Va. 2006). The core concern underlying statutes of limitation is providing defendants with timely notice that they "will be called into account for their activities and should prepare a defense." *Grady*, 544 F.2d at 601. The relation-back principle comports with this concern because the effect of providing notice through the initial indictment is not reduced if the charges in the superseding indictment are substantially the same. *Lowry*, 409 F. Supp. 2d at 739. In determining whether a defendant had notice of the

3

charges against him, the crucial inquiry is whether approximately the same facts were used as the basis of both indictments. *See United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001).

The original indictment, issued on November 18, 1999, alleges the Defendant knowingly and intentionally possessed with intent to distribute more than five (5) grams of crack cocaine on July 27, 1999, in violation of 21 U.S.C. § 841(a)(1). The sole count of the superseding indictment alleges that Defendant knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of a detectable amount of crack cocaine. The superseding indictment also alleges violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). The Defendant argues that his drug charge in the superseding indictment is barred by the five-year statute of limitations because the charge does not "relate back" to the date of the original indictment. Defendant asserts that the superseding indictment substantially broadened the charges and penalties contained in the original indictment.[1] The issue before me is whether the superseding indictment "relates back" to the original indictment and is thus within the applicable five-year statute of limitations period. After surveying the relevant case law in this area, I must answer this question in the affirmative. Therefore, I will deny Defendant's *Motion to Dismiss the Superseding Indictment*.

Defendant argues that the new drug weight contained in the superseding indictment substantially broadened the charges against the Defendant by exposing him to a greater penalty range of 10 years to life, rather than a range of 5 to 40 years as charged in the original indictment. The Defendant cites the Fourth Circuit case of *United States v. Snowden* and contends the increase in drug quantity and additional Code section cannot be deemed "trivial or

---

[1] Defendant states that the Fourth Circuit has favorably cited the standard of superseding indictments relating back if they do not broaden or substantially amend the prior indictment. The Fourth Circuit case provided by the Defendant

4

innocuous" as were the changes in *Snowden*. *See Snowden*, 770 F.2d 393, 398 (4th Cir. 1985). In *Snowden*, the superseding indictment was found to relate back to the date of the original indictment where the later indictment merely deleted the word "Rev." from the title of defendant's name and added the word "undisclosed" to describe the relationship between the defendants. *Id.* Defendant argues that his Due Process rights would be violated by allowing the Government to proceeding with this superseding indictment which broadens the charges against him and increases his exposure to criminal penalties for actions that occurred more than nine years ago.

The Government counters that the superseding indictment did not broaden or substantially amend the charges or penalties in the original indictment. The Government contends that the superseding indictment contains substantially the same charge as the initial indictment and thus has no effect on the initial tolling of the statute of limitations. The Government states that a superseding indictment filed when the original indictment is validly pending relates back to the time of the filing of the original indictment unless it substantially broadens or amends the original charges. In determining whether the superseding indictment broadens the original charges, the relevant question is whether the original indictment provides the defendant with sufficient notice of the pending charges such that the defendant can provide an adequate defense. *See United States v. Smith*, 197 F.3d 225, 229 (6th Cir. 1999).

The Government asserts that the exact argument proffered by the Defendant, that increasing the drug quantity from "more than five (5) grams" to "fifty (50) grams or more" of cocaine base and adding an express reference to 21 U.S.C. § 841(b)(1)(A) broadened the charge

---

*does* cite *United States v. Grady*, but does not explicitly adopt or refer to this standard. *See United States v. Snowden*, 770 F.2d 393, 398 (4th Cir. 1985).

in the original indictment, was explicitly rejected by the Sixth Circuit in *United States v. Watford*. In *Watford*, the defendant was charged with intent to distribute an undisclosed quantity of cocaine base, in violation of § 841(a)(1). 468 F.3d 891, 908-09 (6th Cir. 2006). After the applicable five-year statute of limitations expired, a superseding indictment was filed to comply with the Supreme Court's mandate in *Apprendi*. *Id.* at 909. The superseding indictment increased the drug weight to 1.5 kilograms of cocaine base and charged the defendant with violating § 841(a)(1) and § 841(b)(1)(A)(iii). The court rejected the argument that an increase in drug weight constituted a broadening of the charges against the defendant. Due to the change in legal landscape resulting from *Apprendi*, the court noted that a "more flexible approach" had to be considered rather than simply comparing the language of the original and superseding indictments. *See id.* The *Watford* court found that the prior indictment containing a different drug weight did put the defendant on sufficient notice of the charge ultimately expressed in the superseding indictment. *Id.* at 910-11.

The Government contends that the exact facts in *Watford* are present in the case at hand. In the current case, the Government expressed the exact drug quantity as a result of the *Apprendi* decision. As in *Watford*, the criminal data sheet attached to the original indictment expressly stated that the penalties were associated with a violation of 21 U.S.C. § 841(b)(1)(A): a mandatory minimum sentence of ten years in prison and a maximum sentence of life. Thus, the Defendant was put on notice at the time of the original indictment that the Government intended to prove that the Defendant possessed with intent to distribute more than fifty (50) grams of cocaine base.

In the Defendant's reply to the Government's opposition, as well as at oral argument, the Defendant attempted to distinguish *Watford* from the present case. The Defendant argues that in

6

*Watford,* the original indictment did not state an exact drug weight, but merely charged the defendant with the generic charge of intent to distribute crack cocaine. Shortly after the initial indictment, *Watford* received a Notice of Enhanced Penalty indicating the drug quantity alleged. The Government then amended *Watford's* indictment to allege possession with intent to distribute "approximately 1.5 kilograms or more of a mixture or substance containing crack cocaine." In *Watford*, the original indictment was a generic "intent to distribute crack" version. However, Defendant contends that in the case at hand, the original indictment specifically alleged a quantity of "5 grams." This triggered a specific penalty range of 5 to 40 years. Defendant argues that the superseding indictment does not allege the amount the Government would be seeking to have the jury find; rather, it alleges more than 50 grams . . . the bare-bones minimum necessary to change the penalty range from 5 to 40 years to 10 years to life. Thus, the superseding indictment, by alleging a more serious crime with a more serious penalty, has broadened the charges and the punitive exposure faced by Brown.

The original indictment alleged a quantity of "more than five (5) grams" while the superseding indictment alleges "fifty (50) grams or more" of crack cocaine. The increase in drug quantity does trigger an enhanced penalty of 10 years to life compared to the 5 to 40 years associated with the lesser drug quantity. The superseding indictment was filed well beyond the five-year statute of limitations prescribed in 18 U.S.C. § 3282(a). The issue in this case is whether the original indictment put the Defendant on timely notice of the charges such that he could adequately prepare his defense. The answer to this question is in the affirmative. The Government states that the criminal data sheet attached to the original indictment expressly stated that the penalties were associated with a violation of 21 U.S.C. § 841(b)(1)(A): a mandatory minimum sentence of 10 years imprisonment, a maximum sentence of life

7

imprisonment, 5 years supervised release and a fine of $4,000,000. (*See* United States Opp. to Mot. to Dismiss Superseding Indictment 4.) It is difficult to conclude that Brown was not put on adequate notice of the pending drug charges based on the information contained in the original indictment.

The case law in this area tends to support the notion that the core policy concern underlying statutes of limitation is providing defendants with timely notice that they "will be called to account for their activities and should prepare a defense." *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976); *United States v. Lowry*, 409 F. Supp. 2d 732, 739 (W.D. Va. 2006); *see also United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003) (stating that in determining whether a superseding indictment materially broadens or amends the original charges, "the touchstone of our analysis is notice"). Based on the contents of the original November 18, 1999 indictment, I conclude that the Defendant was fairly alerted to the subsequent charges against him and the time period at issue. The original indictment alleges "more than five (5) grams." This in no way restricts the maximum amount of drugs that the Government would be allowed to prove at trial. Thus, the Defendant was alerted to meet that eventuality. The superseding indictment was based on the exact same facts as the original November 18, 1999 indictment. All that changed was the alleged drug weight and corresponding reference to 21 U.S.C. § 841(b)(1)(A).[2] The change in drug weight in the superseding indictment does not dramatically alter Brown's charge or hinder his ability to prepare a proper defense. Accordingly, the superseding indictment relates back to the date of the original indictment for statute of limitations purposes.

---

[2] The citation of a Code section can neither save a flawed indictment nor invalidate an otherwise valid indictment. Thus, the citation of the additional Code section had no effect on the superseding indictment.

Since it is the opinion of this Court that the superseding indictment relates back to the original indictment for statute of limitations purposes, I need not express an opinion as to whether the Defendant's fugitive status tolled the statute of limitations pursuant to 18 U.S.C. § 3290.

## IV.    CONCLUSION

For the reasons stated above, I will **DENY** Defendant's *Motion to Dismiss Superseding Indictment*.  An appropriate *Order* will be entered.

The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 7th day of October, 2008.

s/Jackson L. Kiser  
Senior United States District Judge
